IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01380-ZLW-BNB

L&R ENERGY COMPANY, L.L.C.;
LARRY L. ROBINSON;
L. ANNELLE ROBINSON;
RICHARD L. FRANKS;
and BEVERLY F. FRANKS,

    Plaintiffs,

v.

STIS, INC. d/b/a SOUTHEAST TEXAS INDUSTRIAL SERVICES, INC.,

    Defendant.

---

## ORDER OF DISMISSAL

---

On June 24, 2010, this Court ordered Plaintiffs to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction (Doc. No. 2). Plaintiffs filed their response on July 6, 2010.[1] After reviewing Plaintiffs' response, the Court has determined that it lacks subject matter jurisdiction over this action.[2]

Plaintiffs' sole claim is that a Default Judgment entered on December 15, 2009, in the District Court, Jasper County, Texas, should be vacated.[3] Plaintiff alleges

---

[1] The Court notes that page 2 of Plaintiffs' response appears to be missing.

[2] Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case comes to an immediate end. *In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[3] Doc. No. 1 at 2, 23.

jurisdiction in this Court solely on the basis of diversity.[4] Among other requirements, diversity jurisdiction requires the "matter in controversy [to] exceed[] the sum or value of $75,000, exclusive of interest and costs."[5]

In the Order To Show Cause, this Court indicated its concern that the judgment at issue in this action is, at most, $72,513.70. Plaintiffs' response has failed to convince the Court otherwise.[6] Therefore, since the amount in controversy is less than $75,000, diversity jurisdiction is lacking in this case.[7] Accordingly, it is

ORDERED that the complaint and cause of action are dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

DATED at Denver, Colorado, this 21st day of July, 2010.

BY THE COURT:

/s/ Zita Leeson Weinshienk
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[4] Id. at 2; 28 U.S.C. § 1332.

[5] 28 U.S.C. § 1332(a).

[6] It is the Plaintiffs' burden to establish this Court's subject matter jurisdiction over their claim. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

[7] Even if diversity jurisdiction was established, the case would be dismissed under the Rooker-Feldman doctrine, Rooker v. Fidelity Trust, 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007) (citing Lance v. Dennis, 546 U.S. 459 (2006) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005))).